**Rajmonda GRISHAJ and Rrok Grishaj, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**Nos. 04–5243–AG(L), 04–5244–AG(CON).**

United States Court of Appeals, Second Circuit.

May 8, 2006.

Aleksander Milch, New York, New York, for Petitioner.

Patrick L. Meehan, United States Attorney, Virginia A. Gibson, Richard M. Bernstein, Assistant United States Attorneys, Philadelphia, Pennsylvania, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

654

SUMMARY ORDER

Rrok and Rajmona Grishaj, though counsel, petition for review of the BIA decision adopting and affirming the decision of Immigration Judge ("IJ") Brigitte Laforest denying Rrok Grishaj's ("Grishaj") applications for asylum and withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004).

The IJ's determination that Grishaj testified inconsistently with his written application is supported by substantial evidence. The record contains various instances of conflicting and inconsistent testimony, and the IJ was reasonable in rejecting Grishaj's explanations for such discrepancies as inadequate. The IJ's finding that Rajmona Grishaj's ("Rajmona") testimony regarding the dates of the explosion as well as her father's harassment and the destruction of the greenhouse are supported by the record, and are key elements of Grishaj's claim of persecution.[2] Because the inconsistencies go to the heart of his claim of persecution on account of his role in the Democratic Party, they form a proper basis for the adverse credibility determination.

Finally, as this Court affords significant deference to the IJ's demeanor observations, *Zhou Yun Zhang,* 386 F.3d at 73, the IJ's determinations that Grishaj did not directly answer the questions posed to him and that Rajmona had difficulty recalling details and often looked to her father for help are proper factors for the negative credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006) (holding that remand is not required where "(1) substantial evidence supports the error-free findings that the IJ made, (2) those findings adequately support the IJ's ultimate conclusion that petitioner lacked credibility, and (3) despite errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision were the petition remanded.").

Because the IJ properly determined that Grishaj failed to present sufficient credible, objective evidence establishing his eligibility for asylum, denial of withholding of removal, which carries a higher burden of proof, was also proper. Additionally, as Grishaj failed to present any evidence that he would likely be subject to torture upon return to Albania, denial of CAT relief was also proper.

For the foregoing reasons, the petitions for review are DENIED. The pending motion for a stay of removal in these petitions is DENIED as moot.

---

2. The IJ's finding regarding the materials causing injury after the explosion is not supported by the record, as both Rajmona and Grishaj testified that they were injured by plaster and glass. However, this error is harmless because the other inconsistencies identified by the IJ support the adverse credibility finding.